# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4710 | **DATE** | 7/3/2012 |
| **CASE TITLE** | Smith vs. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [4] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Ricky Smith moves to proceed *in forma pauperis* without the full prepayment of filing fees. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Smith to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Smith need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Smith is currently unemployed but was employed from May 14, 2012 to May 16, 2012, earning $99.82. Smith does not own any real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash or in a checking or savings account. Smith has received $200.00 in food stamps over the past twelve months. Smith lives at a Heartland Alliance apartment building, where he is provided with shelter and food. Based on these facts, Smith's financial affidavit sets forth his inability to pay the mandated court fees.

    Also, looking to whether the case states a claim, as this court must, the complaint challenges a ruling regarding the denial of social security benefits. An individual may challenge a review by the Appeals Council of the U.S. Social Security Administration by bringing a civil action in a federal district court with sixty days of the adverse determination. *See* 42 U.S.C. § 405(g); *accord Sims v. Apfel*, 530 U.S. 103, 106-107 (2000). In challenging the review, a lawsuit will be considered frivolous if the petitioner "can make no rational argument in law or fact to support [his] claims for relief." *Greathouse v. Comm'r of Soc. Sec.*, No. 00 C 7661, 2000 WL 1847613 (N.D. Ill. Dec. 14, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). In the present case the Appeals Council

| STATEMENT |
|---|
| rendered its decision on April 19, 2012, and Smith timely commenced this action on June 13, 2012. Smith contends that the finding that he is not disabled is not in accordance with the purpose or intent of the Social Security Act, nor is it it supported by substantial evidence. Smith has therefore adequately stated a cause of action to give rise to plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). |